**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4178**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY LEON PERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, Chief District Judge.  (4:08-cr-00011-D-1)

Submitted:  September 20, 2012        Decided:  October 22, 2012

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2009, Timothy Leon Person pled guilty pursuant to a plea agreement to one count of misprision of felony, in violation of 18 U.S.C. § 4 (2006), and was sentenced to three years probation. Person appeals the district court's judgment revoking his probation and imposing a thirty-month sentence. Finding no error, we affirm.

Upon a finding of a probation violation, the district court may revoke probation and resentence a defendant to any sentence within the statutory maximum for the original offense. 18 U.S.C. § 3565(a) (2006); United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997). We apply the same standard of review for probation revocation as for supervised release revocation. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Thus, a probation revocation sentence should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable.[*] United States v. Crudup, 461 F.3d 433, 438-40 (4th Cir. 2006).

---

[*] Although Person acknowledges that we review probation revocation sentences under a plainly unreasonable standard of review, he insists that an abuse-of-discretion standard of review should apply. We decline Person's invitation to revisit our previous decisions holding that a "plainly unreasonable" standard of review applies to revocation sentences. See United States v. Guglielmi, 819 F.2d 451, 457 (4th Cir. 1987) (holding that only an en banc court, not a subsequent panel, has authority to overturn a previous panel's published decision).

2

To determine whether a sentence is plainly unreasonable, we first consider whether the sentence is unreasonable.  Id. at 438.  In reviewing for reasonableness, this court "follow[s] generally the procedural and substantive considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of . . . revocation sentences."  Id. at 438-39.  A sentence imposed upon revocation of probation is procedurally reasonable if the district court considered the Chapter Seven policy statements and the applicable 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2012) factors.  Moulden, 478 F.3d at 656.  The court need not robotically tick through every subsection of § 3553(a), however.  Id. at 657.

A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum.  Crudup, 461 F.3d at 440.  Ultimately, the court has broad discretion to revoke probation and impose a sentence up to that maximum.  Moulden, 478 F.3d at 657.  Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is *plainly* unreasonable[.]"  Crudup, 461 F.3d at 439.

With these principles in mind, we conclude that the thirty-month sentence is not plainly unreasonable.  Although

3

Person was sentenced above the recommended policy statement range and his Guidelines range, the district court's explanation for the sentence reveals that the court considered the policy statements and the § 3553(a) factors when determining the sentence, which was below the statutory maximum applicable to Person's conviction.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

4